IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMAR KARMEL SABREE ROBINSON                                              PLAINTIFF

vs.                                        Civil No. 4:09-cv-04105

MICHAEL J. ASTRUE                                                         DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Jamar Karmel Sabree Robinson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI on May 16, 2007.  (Tr. 77).  Plaintiff alleged he was disabled due to a deformed left hand.  (Tr. 109).  Plaintiff alleged an onset date of October 12, 1986.  (Tr. 7).  This application was initially denied on September 24, 2007 and was denied again on reconsideration on October 29, 2007.  (Tr. 47-52).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

On November 13, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 7). This hearing was held on February 19, 2009 via video conference in Little Rock, Arkansas and Texarkana, Arkansas. (Tr. 22-43). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *See id.* Plaintiff, Plaintiff's witness Gladys Cole, and Vocational Expert ("VE") Diane Smith testified at this hearing. *See id*. On the date of this hearing, Plaintiff was twenty-two (22) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school diploma. (Tr. 25).

On May 21, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 7-16). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 16, 2007. (Tr. 9, Finding 1). The ALJ determined Plaintiff had the severe impairments of congenital deformity of the left hand, depressive disorder, and borderline intellectual functioning. (Tr. 9, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 15). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform a reduced range of light work. (Tr. 12, Finding 4). The ALJ indicated Plaintiff had the ability to lift and carry up to twenty pounds occasionally and up to ten pounds frequently with

his right hand. (Tr. 12). The ALJ also found Plaintiff could stand and walk up to six hours during an eight-hour work day; sit for up to six hours of an eight-hour workday; and push and pull hand controls, except that the he cannot grip, handle, finger, or carry with his left hand, but he could use his left hand as an assistive device in moving or guiding objects. (Tr. 12-13). Finally, the ALJ determined Plaintiff could perform unskilled work. (Tr. 13).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 15-16, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 27, 38-40). Based upon this testimony, the ALJ determined Plaintiff had no PRW. (Tr. 15, Finding 5).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 15, Finding 9). Specifically, the VE testified Plaintiff would be able to perform work as a mounter with approximately 1,800 such jobs in the region and 34,000 such jobs in the nation, flagger with approximately 2,200 such jobs in the region and 40,000 such jobs in the nation, and surveillance system monitor with approximately 1,800 such jobs in the region and 40,000 such jobs in the nation. (Tr. 15). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act since May 16, 2007, which was the date the application was filed. (Tr. 16, Finding 10).

On May 27, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 17). *See* 20 C.F.R. § 404.968. On September 23, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On October 5, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on November 23, 2009. ECF No. 6. Both parties have filed appeal briefs. ECF Nos. 8,9. This case is now ready for

decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming (1) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, (2) the ALJ erred in his RFC assessment, and (3) the ALJ erred in finding Plaintiff would be able to perform other work existing in significant numbers in the national economy. In response, Defendant argues (1) the ALJ properly considered Plaintiff's subjective complaints of pain, (2) the ALJ properly determined Plaintiff's RFC, and (3) the ALJ properly found Plaintiff would be able to perform other work existing in significant numbers in the national economy.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski.*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 13-14). Specifically, the ALJ noted the following: (1) Plaintiff's wide range of daily activities show he is capable of performing light work, (2) Plaintiff did not report any adverse affects to medication, (3) Plaintiff does not see a physician on a regular basis, (4) Plaintiff only used over-the-counter medication for pain, and (5) Although Plaintiff had received disability benefits as a minor, it did not appear he sought medical treatment at that time. (Tr. 14).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC finding. ECF No. 8,

Page 1-3.  Defendant claims substantial evidence supports the ALJ's RFC decision.  ECF No. 9, Page 4-5.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination.  Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff had the RFC to perform a less than full range of light work.  (Tr. 12-13).  The ALJ indicated Plaintiff had the ability to lift and carry up to twenty pounds occasionally and up to ten pounds frequently with his right hand.  (Tr. 12).  The ALJ also found Plaintiff could stand and walk up to six hours during an eight-hour work day; sit for up to six hours of an eight-hour

workday; and push and pull hand controls, except that the he cannot grip, handle, finger, or carry with his left hand, but he could use his left hand as an assistive device in moving or guiding objects. (Tr. 12-13). Finally, the ALJ determined Plaintiff could perform unskilled work. (Tr. 13).

On July 6, 2005, Plaintiff underwent a Psychological Evaluation performed by Dr. C. Yates Morgan, Ph.D. (Tr. 144-147). This consultative examination report noted Plaintiff had a full scale IQ of 77, which shows functioning in the range of borderline to low average intellectual functioning. (Tr. 145). The report also found an Axis I diagnosis of a depressive disorder and relationship problems (Tr. 146), an Axis II diagnosis of borderline intellectual functioning (Tr. 146), and an Axis III diagnosis of deformity of the left hand and humerus. (Tr. 146).

On August 22, 2007 Plaintiff underwent a consultative general physical examination from Dr. Brian Thomas Oge. (Tr. 155-161). Dr Oge noted Plaintiff's congenital left hand deformity and indicated Plaintiff was not able to lift or grip on the left. (Tr. 155). Dr. Oge noted a severe limitation in gripping, handling, fingering, lifting, and carrying. (Tr. 161, 163). Other than these findings, Plaintiff had a normal orthopedic and neurologic exam. (Tr. 157).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d

838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

In this matter, ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform a reduced range of light work. (Tr. 12, Finding 4). The ALJ indicated Plaintiff had the ability to lift and carry up to twenty pounds occasionally and up to ten pounds frequently with his right hand. (Tr. 12). The ALJ also found Plaintiff could stand and walk up to six hours during an eight-hour work day; sit for up to six hours of an eight-hour workday; and push and pull hand controls, except that the he cannot grip, handle,

finger, or carry with his left hand, but he could use his left hand as an assistive device in moving or guiding objects. (Tr. 12-13). Finally, the ALJ determined Plaintiff could perform unskilled work. (Tr. 13).

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 38-39). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 15, Finding 9). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 16).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and local economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 4th day of November, 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE